**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-25750-JB**

LIVAN GANTES MARIN,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Livan Gantes Marin's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in opposition to the Petition. ECF No. [6]. No reply has been filed and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a Cuban citizen who arrived at or near the Miami, Florida without valid entry documents on August 16, 1998. ECF No. [6-2]. On October 5, 2005, Petitioner pled guilty to charges for Aggravated Assault with a Deadly Weapon in violation of Florida Statute § 784.021(1)(A), Battery in violation of Florida Statute § 784.03, and Burglary of an Occupied Structure in violation of Florida Statute § 810.02(3)(C), and the court withheld adjudication. ECF No. [6-3].

On August 29, 2012, Immigration and Customs Enforcement and Removal Operations ("ICE ERO") encountered Petitioner in state custody pending charges for obtaining fuel fraudulently in violation of Florida Statute § 316.80, possession of a vehicle equipped with an illegal fuel tank or container in violation of Florida Statute § 316.80, and third-degree grand theft in violation of Florida Statute § 812.014(2)(C). ECF No. [6-4].

On October 1, 2012, ICE ERO served Petitioner with a Notice to Appear charging him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality, and 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude or an attempt or conspiracy to commit such a crime. ECF No. [6-2].

On October 11, 2012, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Cuba. ECF No. [6-7]. On the same date, Petitioner waived appeal and the IJ's removal order become administratively final. *Id.* On January 13, 2013, Petitioner was released from custody on an Order of Supervision ("OSUP"). ECF No. [6-6].

On August 10, 2026, ICE ERO encountered Petitioner in Miami, Florida, and subsequently took him into custody.[1] ECF No. [6-1]. On August 14, 2026, Petitioner was transferred to the Krome North Service Processing Center. ECF No. [6-6]. On August 17, 2026, Petitioner was transferred to the Louisiana ICE Processing Center, where he remains detained. *Id.*

On August 24, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner, proceeding *pro se*, challenges the constitutionality of his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 7. Petitioner asks the Court to order his immediate release from custody. *Id.* at 8.

On August 27, 2026, Respondents filed their Response to the Petition. ECF No. [6]. Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1231 because he is subject to a final order of removal. *Id.* at 3. Respondents argue that the Petition is premature because the length of his detention is "well within the presumptively-reasonable 180-day removal period." *Id.* at 4.

---

[1] According to Petitioner's Form I-213 Record of Deportable/Inadmissible Alien, ICE ERO encountered Petitioner while conducting surveillance in an attempt to locate Petitioner, the "primary target of apprehension." ECF No. [6-1].

Petitioner does not challenge the revocation of his OSUP in the Petition. However, the Court notes that Respondents do not address whether Petitioner's OSUP was properly revoked prior to ICE ERO taking him into custody, and they have submitted no records showing revocation. *See* 8 C.F.R. § 241.41(l)(1) (explaining that upon revocation of an OSUP, the alien "will be notified for the reasons for revocation" and "will be afforded an initial informal interview … to afford the alien an opportunity to respond to the reasons for revocation stated in the notification"). Although the Petition is denied for the reasons stated herein, this denial is without prejudice to Petitioner filing a subsequent petition that raises a claim concerning the revocation of his OSUP, or the lack of any revocation.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Since Petitioner is challenging that the length of his detention violates due process, rather than his final order of removal, the Court has jurisdiction over a Petitioner's habeas claim. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). As mentioned, Petitioner is subject to a final removal order and, thus, his detention is governed by Title 8 U.S.C. § 1231. Section 1231(a)(1) requires the Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detentions pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86. The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id*. at 687.

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id*. at 690, 699. In so ruling, the Supreme Court explained that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal. *Id.* at 701. That said, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various forms of supervised release that are appropriate in the circumstances . . . ." *Id.* at 699–700.

Accordingly, to state a valid claim under *Zadvydas*, a petitioner must show (1) "post removal order detention in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.* (quoting *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, Petitioner had been in custody for less than six months when he filed the Petition. *See* ECF No. [1]; *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). Specifically, Petitioner has been in custody since August 10, 2026, and thus has been detained for less than sixty days. *See* ECF Nos. [1], [9-13]. Because the first prong of the *Zadvydas* analysis is not met, Petitioner's claim is premature, and his detention does not violate due process.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of October, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**